# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| CLARK SIMON, § | | |
| Institutional ID No. 596819, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | 1:09-CV-207-BI | |
| CO MS. DIMENZ, *et al.,* § | ECF | |
| § | | |
| Defendants. § | Referred to U.S. Magistrate Judge | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed his complaint under 42 U.S.C. § 1983 on November 2, 2009 (Doc. 1). By order entered on December 7, 2009, this case was transferred to the docket of the United States magistrate judge. Plaintiff refused his consent to proceed before the United States magistrate judge on February 8, 2010 (Doc. 7). On March 9, 2010, the court held an evidentiary hearing, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915. Plaintiff appeared and testified in his own behalf. Plaintiff, previously confined to the Robertson Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") and currently confined to the Hughes Unit, alleges that the Defendants failed to protect him from an assault by another inmate. The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States district judge as herein provided.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff alleges that:

1. At all times relevant to the claims in his complaint, Plaintiff was confined to the Robertson Unit.

2. On July 30, 2009, another inmate left the showers unescorted, entered Plaintiff's cell, and assaulted him.

3. Plaintiff was taken to the infirmary where he underwent a use-of-force physical examination and was photographed. Plaintiff sustained an injury to his lip.

4. Plaintiff was transferred to a different cell and then from the Robertson Unit to the Hughes Unit.

5. Plaintiff previously filed grievances alerting the Defendants of the danger posed to him but nothing was done.

Plaintiff is seeking injunctive relief and an award of damages and any other relief to which he may be entitled.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing

may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's allegations in his complaint, as supplemented by his testimony, to determine whether Plaintiff has stated sufficient claims to require the Defendants to answer or otherwise plea. The court makes the recommendations noted herein.

**A.     Deliberate Indifference to Health and Safety - Failure to Protect**

Plaintiff alleges that Robertson Unit officials were deliberately indifferent to his health and safety by failing to protect him from an assault by an inmate after he complained to officials about the danger posed to him.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff claims that TDCJ officials were deliberately indifferent to his health and safety.

In its prohibition of cruel and unusual punishment, the Eighth Amendment to the Constitution imposes restraints on prison officials who must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer,* 468 U.S. 517 (1984). This duty includes protecting prisoners from the violence of other prisoners. *Wilson v. Seiter,* 501 U.S. 294, 303 (1991) (referring to the protection of an inmate as a condition of confinement). Prison officials, however, are not liable under the Eighth Amendment for every injury suffered by one prisoner at the hands of another. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To violate the Cruel and Unusual Punishment Clause in cases regarding conditions in a prison, the prison official must have a state of mind of deliberate indifference to the inmate's health or safety. *Wilson,* 501 U.S. at 302-03. A prison official may thus

violate the Eighth Amendment if he is deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834.

The Supreme Court, in *Farmer v. Brennan*, defined the proper test for determining deliberate indifference in prison conditions cases. 511 U.S. 825 (1994). The Court held that, in these cases, an official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998)). In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838). A claimant, however, may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Mere negligence or neglect, however, does not constitute deliberate indifference. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Hall v. Thomas*, 1909 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834).

Assuming at this stage the truth of the facts alleged in Plaintiff's complaint and his testimony under oath and having considered the authenticated records, the court finds that Plaintiff has stated a claim of a constitutional violation sufficient to require an answer or other responsive pleading by Defendants Dimenz, Del Rio, and Webb on Plaintiff's claim that he was subjected to deliberate indifference to his health and safety because the Defendants failed to protect him from the July 30, 2009, assault by another inmate. The court, therefore, recommends that the United States district judge enter an order requiring Defendants Dimenz, Del Rio, and Webb to answer or otherwise plead to Plaintiff's excessive force claim against these Defendants in their individual capacities.

**B.      Official Capacity Claims**

Plaintiff has not indicated whether he is suing each of the Defendants in his or her official or individual capacities.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). As an instrumentality of the state, TDCJ (including the Robertson Unit) is immune from a suit for money damages under the Eleventh Amendment. *Talib*, 138 F.3d at 213. Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to TDCJ-ID officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)). Plaintiff's allegations fail to demonstrate any such policy. To the extent that Plaintiff makes claims against any of the Defendants in their official capacities and asserts a claim against the French Robertson Unit of TDCJ-ID, such claims lack an arguable basis in law or fact. There court, therefore, recommends that such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint, as supplemented by his testimony, and the applicable law and recommends that the United States district judge take the following actions:

1. **DISMISS WITH PREJUDICE AS FRIVOLOUS** Plaintiff's claims against the Defendants in their official capacities;

2. **ORDER** Defendants Dimenz, Del Rio, and Webb to answer or otherwise plead on Plaintiff's claims of deliberate indifference to his health and safety in the form of a failure to protect him from the July 30, 2009, assault; and

3. **DENY** any pending non-dispositive motions not otherwise addressed above.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. In order to be specific,

an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 28th day of July, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**